UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

CASE NO.: 10-10063-CIV-KING/BANDSTRA

ROBERT EDWARDS, et al.,

                Plaintiffs,

v.

OUT OF THE BLUE KEY WEST, LLC, et al.,

                Defendants.

_____/

## MARY J. PFUND'S MOTION FOR SUMMARY JUDGMENT

Mary Jo Pfund, ("Pfund") moves for summary judgment because there is no genuine dispute concerning the material facts. This Motion is brought and directed to a portion of the Plaintiff's Complaint for damages, specifically that portion based upon the individual liability of the Defendant, Mary Jo Pfund.

## BACKGROUND

The Plaintiffs brought suit against the Defendants Out of the Blue Key West, LLC, Kenneth Francoise, and Mary Jo Pfund alleging non-payment of wages and non-payment of overtime compensation under the Fair Labor Standards Act of 1938 (FLSA). Defendant Out of the Blue Key West, LLC was served, however a response was not filed and a Default entered against it. Defendant Kenneth Francoise has been named as a defendant however at this time he has not been served in this action. By way of the Default entered against Out of the Blue Key West, LLC and by way of Pfund's Answer and Affirmative defenses it has been admitted that Plaintiffs were employees of the restaurant known as Out of the Blue Key West. The parties agree that the corporate owner of Out of the Blue Restaurant was Out of the Blue Key West

LLC, a Florida limited liability company.  It has been admitted that Defendant Kenneth Franciose was an employer, as defined under FLSA, of the Plaintiffs.  Plaintiffs allege and Defendant Mary Jo Pfund admits that the Plaintiffs did not receive all wages owed to them as employees of Out of the Blue Restaurant, however in admitting the plaintiffs were not compensated, defendant Mary Jo Pfund has emphatically stated  in Answer and Affirmative Defenses, Answers to Interrogatories and depositions submitted that she was not an employer as defined by the Fair Labor Standards Act ("FLSA") but that Defendant Kenneth Franciose was in fact the individual who handled all employee matters, including but not limited to hiring and firing, directing managing the employees, computing weekly wages and drafting of pay policies.

## ARGUMENT

Summary Judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact."  Fed. R. Civ. P. 56(c).  In particular, summary judgment should be granted when there is "a complete failure of proof concerning an essential element of the nonmoving party's case." *Fanin v. U.S. Dept. of Veterans Affairs*, 572 F.3d 868, 872 (11th Cir. 2009) (quoting *Celotex Corp. v. Vatrett*, 477 U.S. at 317, 322-23 (1986)).

To defeat summary judgment, the nonmoving party must present proof that will be admissible at trial, and sufficiently probative to create a genuine dispute regarding facts that are material to the outcome.  Thus, to successfully, oppose summary judgment, plaintiffs in this action "must demonstrate with evidence that is "significantly probative' or more than 'merely colorable' that a genuine issue of material fact exists for trial."  *FTC v. Gill*, 265 F.3d 944, 954 (9th Cir. 2001) (quoting *Anderson v. Liberty Lobby, Inc.* 477 U.S. 242, 249-50 (1986)).  "[T]he mere existence of some alleged factual dispute between the parties will not defeat an otherwise

properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. at 247-48; *see also Celotex*, 477 U.S. at 323.  The plaintiffs must show that they have admissible evidence that raises such a fact issue, and cannot rely upon conclusory affidavits.  *Leigh v. Warner Bros., Inc.*, 212 F.3d 1210, 1217 (11th Cir. 200).

 The pleadings in this action present several distinct issues, one of which is addresses in this motion for summary judgment:  (1) Whether Out of the Blue Key West, LLC is subject to and falls under the provisions of FLSA due to its annual dollar volume of business being less than $500,000.00; and (2) whether defendant Pfund is deemed an employer and therefore personally liable under FLSA for the damages as alleged in plaintiffs' complaint.

## I. Whether Out of the Blue Key West, LLC is an enterprise subject to the provisions of FLSA.

 Plaintiffs have alleged that Out of the Blue Key West, LLC had revenues in excess of $500,000.00 per annum.  D1 ¶ 7.  To justify their claim that Out of the Blue Key West, LLC is an enterprise that falls under the control of the Fair Labor Standards Act, the plaintiffs must prove that Out of the Blue Key West, LLC had annual gross volume of sales or business done in excess of $500,000.00.  In order to constitute an "enterprise" within the Fair Labor Standards Act, an entity must meet a threshold of annual gross volume of sales made or business done is not less than $500,000…" 29 U.S.C. §203(s)(1)(A)(ii).

 This claim fails because the business and tax records of Out of the Blue Key West, LLC show that the entity did not gross over $500,000 in sales, in fact it was far less than the requisite amount.  A copy of Out of the Blue 2009 corporate tax returns are attached hereto, made a part hereof and marked as Pfund Exhibit "1".  Plaintiffs have not introduced any evidence to the

contrary that is sufficiently probative to create a genuine dispute regarding facts that are material to the outcome.

With annual gross sales for Out of the Blue Key West, LLC below the requisite amount of $500,000.00 the Fair Labor Standards Act is inapplicable to Out of the Blue Key West, LLC and its members.

## II.    Personal liability of Defendant Mary Jo Pfund.

Plaintiffs have alleged that "at all times material hereto, Defendant Pfund was Plaintiffs' employer as defined by law.  Mary Jo Pfund acted directly and indirectly in the interest of Out of the Blue Key West LLC in relation to Plaintiff and Plaintiff's employment, as defined by 29 U.S.C. §203(d).  D1 ¶ 8.  Defendant Pfund has denied all such allegations.

The burden of producing admissible evidence to prove that Pfund was an employer as defined by "FLSA" rests on the plaintiffs.  Whether Pfund is an employer within the meaning of FLSA is a legal determination not a factual one.  *See Bonnette v. California Health and Welfare Agency*, 704 F.2d 1465 (9th Circuit 1983) *citing Goldbert v. Whitaker House Cooperative, Inc*. 366 U.S. 28 (1961).

Under the FLSA, "employer" is defined as follows:  "Employer" includes any person acting directly or indirectly in the interest of an employer in relation to an employee….29 U.S.C. Sec 203(d).  The definition of "employer" under the FLSA is not limited by the common law concept of "employer," and is to be given an expansive interpretation in order to effectuate the FLSA's broad remedial purposes.  *Bonnette v. California Health and Welfare Agency*, 704 F.2d 1465 (9th Circuit 1983) *citing Real v. Driscoll Strawberry Assoc.,* 603 F.2d 754, 754 (9th Cir. 1979).

A determination must be based on "a consideration of the total employment situation and the economic realties of the work relationship," looking particular to four factors: "whether the alleged employer (1) had the power to hire and fire the employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records."  *Bonnette* 704 F.2d 1465

Once you take the four part test as cited in Bonnette and apply it to circumstances of this immediate matter it is clear that defendant Pfund is not an employer as defined under FLSA.  It is undisputed that the plaintiffs' wages were paid by Out of the Blue Key West, LLC.  The parties do dispute however whether Pfund (1) had the power to hire and fire the employees; (2) supervised and controlled employee work schedules or conditions of employment; and (3) determined the rate and method of payment.  Pfund has stated throughout her Answer and Affirmative Defenses, Answer to Interrogatories and Deposition that she did not hire or fire any employees, that she did not supervise or control employee work schedules or conditions of employment and she did not determine the rate and method of payment to the employees.  More importantly plaintiffs have failed to produce any admissible evidence that is "significantly probative" concerning Pfund's role as employer outside of the self serving statements and or allegations made by plaintiffs. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. at 247-248.  Defendant Pfunds role in the Out of Blue of Key West, LLC is evidence by her affidavit attached.  See Pfund Exhibit "2".

Looking at the totality of the circumstances or the circumstances as a whole, that defendant Franciose had previously owned two restaurants, was experienced in the field and in fact brought with him several of the employees to Out of the Blue it is clear that he was acting as an employer as defined by FLSA.  Defendant Pfund believes and therefore avers that plaintiffs

are unable to locate Franciose and plaintiffs believe that Defendant Pfund has substantial personal funds and are only looking to Pfund for personal liability as they are unable to locate and collect a judgment from Franciose.

Pfund further avers that no evidence exists that Defendant Mary Pfund was an employer of the Plaintiffs as defined under FLSA. Accordingly, the Defendant Mary Pfund is entitled to a Summary Judgment, dismissing with prejudice, those portions of the Plaintiff's claims relating the individual liability of Defendant Mary Pfund.  There is no genuine issue of material fact as regards this specific portion of the Plaintiff's claim and the Defendant is therefore entitled to a summary judgment as a matter of law.

## CONCLUSION

For the reasons stated above, the court should enter a judgment declaring that (1) Out of the Blue Key West, LLC is not subject to the provisions of the Fair Labor Standards Act due to its gross sales being less than $500,000.00; and (2) pursuant to FLSA Defendant Mary Jo Pfund is not an "employer" under FLSA and therefore is not subject to personal liability for plaintiffs' claims.

Respectfully Submitted,

**FELDMAN KOENIG HIGHSMITH & VAN LOON, P.A.**
3158 Northside Drive
Key West, Florida 33040-8025
Tel:  (305) 296-8851
Fax: (305) 296-8575

By:   *s/David Van Loon*
      DAVID VAN LOON
      *vanloon@fkhlaw.com*
      Florida Bar No. 396280

## <u>CERTIFICATE OF SERVICE</u>

**I HEREBY CERTIFY** that, on April 26, 2011 I electronically filed the foregoing

document with the Clerk of Court using CM/ECF.  I also certify that the foregoing document is

begin served this day on all counsel of record or pro se parties identified on the attached Service

List in the manner specified, either via transmission of Notices of Electronic Filing generated by

CM/ECF or in some other authorized manner for those counsel or parties who are not authorized

to receive electronically Notices of Electronic Filing.


   *s/David Van Loon*      

David Van Loon

## SERVICE LIST

### *Edward, et al v. Out of the Blue Key West, LLC, et al*
### Case No. 10-100063-CIV-KING/BANDSTRA
### United States District Court, Southern District of Florida

| | |
|---|---|
| Todd W. Shulby, Esquire<br>tshulby@shulbylaw.com<br>TODD W. SHULBY, P.A.<br>4705 S.W. 148th Avenue, Suite 102<br>Davie, Florida 33330-2417<br>Telephone No.: (954) 530-2236<br>Facsimile No.: (954) 530-6628<br>*Counsel for Plaintiffs* | |