UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:  4:10-10063-CIV-KING/BANDSTRA

ROBERT EDWARDS, AMANDA
COCHRAN, CARLOS CALUO,
WILMER A. RIVERA, DONNA
A. GOLDBERG, TIPAWAN
GAUTHIER, TROY FELDKAMP,
MICHAEL A. COPE, PHILIP
SCHUMACHER, JAMES PIERRILUS,
LUBY A. MEYERS, NATALYA
LITSOVA, KATHRYN MURPHY,
and ANNALISA WILKERSON,

        Plaintiffs,

v.

OUT OF THE BLUE KEY WEST, LLC,
KENNETH J. FRANCIOSE AND
MARY J. PFUND,

        Defendants.

_____/

## JOINT MOTION FOR APPROVAL OF SETTLEMENT AGREEMENT AND DISMISSAL WITH PREJUDICE AND INCORPORATED MEMORANDUM OF LAW

The Plaintiffs, TROY FELDKAMP, AMANDA COCHRAN, JAMES PIERRILUS, ANNALISA WILKERSON, KATHRYN MURPHY, LUBY MEYERS, NATALYA LITSOVA, MICHAEL COPE, ROBERT EDWARDS, WILMER RIVERA, CARLOS CALUO FERNANDEZ, DONNA GOLDBERG, TIPAWAN GAUTHIER, PHILIP SCHUMACHER, LUIS FERNANDO RIVERA, GUILERMO MORALES, JOSE LUIS POSADAS, and DAVID IREDALE, and the Defendant, MARY JO PFUND (collectively "the Parties"), jointly request that this Court: (1) approve the Parties' settlement of the Plaintiffs' unpaid wage claims asserted in the above-captioned matter, and (2) dismiss with prejudice all claims and defenses raised in

this action.   Because the Plaintiffs' action and claims arise, in part, under the Fair Labor

Standards Act ("FLSA"), the Parties request that the settlement be approved by this Court.

## I.      Legal Principles.

Pursuant to the case law regarding settlement of FLSA claims, there are two ways in which

claims under the FLSA can be settled and released by employees.   First, section 216(c) of the

FLSA allows employees to settle and waive their claims under the FLSA if the payment of unpaid

wages by the employer to the employee is supervised by the Secretary of Labor.   See 29 U.S.C.

§216(c); Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350, 1353 (11th Cir. 1982).   Second,

in the context of a private lawsuit brought by an employee against an employer under section

216(b) of the FLSA, an employee may settle and release FLSA claims against an employer if the

parties present the district court with a proposed settlement and the district court enters a stipulated

judgment approving the fairness of the settlement. *Id.*; *see also Sculte, Inc. v. Gandi,* 328 U.S. 108,

66 S.Ct. 925, 90 L.Ed. 1114 (1946); Jarrad v. Southeastern Shipbuilding Corp., 163 F.2d 960, 961

(5th Cir. 1947).   In detailing the circumstances justifying court approval of an FLSA settlement in a

litigation context, the Eleventh Circuit has stated as follows:

> Settlements may be permissible in the context of a suit brought by employees
> under the FLSA for back wages because initiation of the action by the employees
> provides some assurance of an adversarial context.   The employees are likely to
> be represented by an attorney who can protect their rights under the statute.   Thus,
> when the parties submit a settlement to the court for approval, the settlement is
> more likely to reflect a reasonable compromise of disputed issues than a mere
> waiver of statutory rights brought by an employer's overreaching.   If a settlement
> in an employee FLSA suit does reflect a reasonable compromise over issues, such
> as FLSA coverage or computation of back wages that are actually in dispute, we
> allow the district court to approve the settlement in order to promote the policy of
> encouraging settlement of litigation.

Lynn's Food Stores, 679 F.2d at 1354.

The settlement of the instant action involves a situation in which the Court may approve the Parties' settlement to resolve and release the Plaintiffs' FLSA claims for alleged unpaid wages against the Defendant. The proposed settlement arises out of an action brought by the Plaintiffs against the Defendant, which was adversarial in nature.  During the litigation and settlement of this action, the Plaintiffs and Defendant were represented by experienced counsel.

The Parties agree that the instant action involves disputed issues.  Some of those issues were resolved at trial; namely, whether Defendant was liable to Plaintiffs for their alleged unpaid wages.  Other issues remain in dispute; namely, the number of hours Plaintiffs worked and were not compensated.  The Parties have filed briefs and submitted testimony and evidence to the Court detailing their respective positions as to the number of hours worked and not compensated. The matter is scheduled for trial on November 28, 2011.  Ultimately, the Plaintiffs' wage claims, have been resolved through settlement negotiations.

## II.    The Settlement is Fair and Reasonable on the Facts Emerging in Discovery.

The settlement negotiated and reached by the Parties reflects a reasonable settlement. The Plaintiffs and their counsel discussed their alleged hours and pay rate and formulated their own proposed settlement figures based, in part, on the affidavit, evidence and exhibits filed by the Defendant (see DE 53 and 62, respectively).  The Parties then engaged in settlement discussions, based upon their independent calculations (DE 53) as well as those of Defendant (DE 62).  Specifically, based upon their respective estimates of the Plaintiffs' underlying claims, the parties negotiated settlement amounts as to each of the Plaintiffs.

## III.    The Attorney's Fees Are Fair and Reasonable, And Were Not Determined By The Amount Paid To Plaintiffs.

3

The Parties have resolved the Plaintiffs' recovery separate *in seriatim* from attorney's fees and costs so that the Plaintiffs' recovery was not compromised by attorney's fees/costs. Bonetti v. Embarq Mgmt.Co., Case No.: 6:07-cv-1335, 2009 WL 2371407 (M.D. Fla. Aug. 4, 2009. The attorney's fees and costs paid to Plaintiffs' counsel had no bearing on the settlement award Plaintiffs will receive and was, in fact, determined by Defendant based on the Court filings of Plaintiffs in this action (see DE 52). The Parties were advised and represented by counsel throughout the litigation and settlement process.

## IV.    Conclusion.

The Parties jointly and respectfully request that this Court: (1) approve the Parties' settlement of the Plaintiffs' unpaid wages claims asserted in the above-captioned matter, and (2) dismiss with prejudice all claims and defenses raised in this action.

RESPECTFULLY SUBMITTED, this 18th day of November, 2011.

| | |
|---|---|
| s/Todd W. Shulby, Esq. | s/David Van Loon, Esq. |
| Todd W. Shulby, Esq. | David Van Loon, Esq. |
| Florida Bar No.: 068365 | Florida Bar No.: 396280 |
| Todd W. Shulby, P.A. | Feldman Koenig Highsmith & Van Loon, P.A. |
| 4705 S.W. 148th Ave., Ste. 102 | 3158 Northside Drive |
| Davie, Florida 33330-2417 | Key West, Florida 33040-8025 |
| Telephone: (954) 530-2236 | Telephone:  (305) 296-8851 (Ext. 14) |
| Facsimile: (954) 530-6628 | Facsimile:  (305) 296-8575 |
| E-mail: tshulby@shulbylaw.com | E-mail:  vanloon@fkhlaw.com |
| Counsel for Plaintiffs | Counsel for Defendant, Mary J. Pfund |
| | |
| | /s/Denise Wheeler, Esq. |
| | Denise Wheeler, Esq. |
| | Roetzel & Andress, LPA |
| | 2320 First Street |
| | Suite 1000 |
| | Fort Myers, Florida 33901-2904 |
| | Telephone: (239) 337-3850 |
| | Facsimile: (239) 337-0970 |
| | E-mail: dwheeler@ralaw.com |
| | Attorney for Defendant, Mary J. Pfund |